UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LAWRENCE G. TRAVER, SR.,

                **Plaintiff,**

      v.                                    1:02-CV-214
                                                    (FJS/RFT)

OFFICINE MECCANICHE TOSCHI, SpA

                **Defendant.**

---

| APPEARANCES | OF COUNSEL |
|---|---|
| **CADE & SAUNDERS, P.C.**<br>4 Pine Street<br>Albany, New York 12207<br>Attorneys for Plaintiff | **KAREN R. CRANDALL, ESQ.**<br>**STEVEN M. CONNOLLY, ESQ.** |
| **BOEGGEMAN, GEORGE, HODGES<br>& CORDE, P.C.**<br>46 Columbia Street<br>Albany, New York 12207<br>Attorneys for Defendant | **LISA M. ROLLE, ESQ.**<br>**GEORGE S. HODGES, ESQ.**<br>**PAUL E. SVENSSON, ESQ.** |

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff's complaint asserts causes of action in negligence, breach of warranty, and strict products liability.

      Currently before the Court is Defendant's motion for reconsideration of the Court's February 7, 2005 Memorandum-Decision and Order ("MDO").

## II. BACKGROUND

According to Plaintiff, during March, 1999, he was an employee of American Tissue Corporation at its mill in Greenwich, New York. On March 30, 1999, Plaintiff was walking along the floor of a dump station of the Tissue Slitter Rewinder, a machine that Defendant designed, manufactured, and distributed. Plaintiff contends that he stepped into a depression in the machine, fell forward, and trapped his right hand and arm in the machine. He alleges that he sustained permanent and severe personal injuries. He filed this action on February 19, 2002.

On September 30, 2002, Defendant moved to dismiss the complaint on the ground that this Court lacks personal jurisdiction over it, or, alternatively, on the ground of *forum non conveniens*. *See* Dkt. No. 12. On December 5, 2002, the Court denied the motion to dismiss without prejudice and with leave to renew and issued a Memorandum-Decision and Order permitting Plaintiff to engage in limited discovery in order to determine whether the Court had personal jurisdiction over Defendant under two provisions of New York's long-arm statute, N.Y. C.P.L.R. § 302(a)(1), (3)(ii).

On June 27, 2003, Defendant renewed its motion to dismiss for lack of personal jurisdiction. *See* Dkt. No. 20. On March 24, 2004, the Court denied the motion to dismiss without prejudice and with leave to renew and issued a Memorandum-Decision and Order directing the parties to engage in further limited discovery. *See* Memorandum-Decision and Order, dated March 24, 2004, at 6. The Court also noted that it had "an indication that defendant derives substantial revenue from international commerce . . . ." *See id.*

Defendant renewed its motion to dismiss for lack of personal jurisdiction on August 27, 2004. *See* Dkt. No. 32. The Court, in its February 7, 2005 MDO, found that Plaintiff had "made

an averment of facts that, if credited by the ultimate trier of fact, would establish this Court's jurisdiction over Defendant pursuant to N.Y. C.P.L.R. § 301(a)(2)." *See* Dkt. No. 38 at 6. Accordingly, the Court denied Defendant's renewed motion to dismiss. *See* Dkt. No. 38 at 7.

On February 28, 2005, Defendant filed a notice of appeal of the Court's MDO. *See* Dkt. No. 39. On March 1, 2005, Defendant filed a letter with the Court requesting permission to file a motion for certification or an amended MDO that would allow Defendant to request an appeal pursuant to 28 U.S.C. § 1292(b). *See* Dkt. No. 41. On March 5, 2005, the Court denied Defendant's request without explanation. *See id.*

Defendant filed its current motion on April 8, 2005. *See* Dkt. No. 47. On May 26, 2005, the Second Circuit dismissed Defendant's appeal on the basis of default. *See* Dkt. No. 52.

### III. DISCUSSION

"The grounds justifying reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or prevent manifest injustice." *ITT Commercial Fin. Corp. v. Harsco Corp.*, No. 91 CV 0793, 1999 WL 6922, *1 (N.D.N.Y. Jan. 6, 1999) (citations omitted); *see Law Firm of Frank R. Bayger, P.C. v. Ilardo*, No. 04-CV-11S, 2005 WL 475339, *1 (W.D.N.Y. Mar. 1, 2005) (citations omitted). Defendant does not argue that there has been a change in controlling law or that new, pertinent evidence has become available. Instead, Defendant questions the Court's conclusion that Plaintiff's factual assertions, if credited by the ultimate trier of fact, would establish this Court's personal jurisdiction.

The question before the Court is whether its decision not to certify the question of

personal jurisdiction to the Second Circuit constitutes a clear error or would result in manifest injustice if not amended. Section 1292(b) provides, in pertinent part, that

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation, he shall so state in writing in such order. . . .

28 U.S.C. § 1292(b). "The determination of whether § 1292(b) certification is appropriate under the above standards is in the discretion of the district court." *Traub v. Cornell Univ.*, No. 94-CV-502, 1999 WL 224804, *1 (Apr. 12, 1999) (citations omitted); *see Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995) (footnote omitted). Even if § 1292(b)'s standards are met in a case, the district court may choose not to certify an appeal. *See Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d 393, 396 (E.D.N.Y. 2003) (citations and quotations omitted). Congress' plain purpose in enacting § 1292(b) is that appeals should only be taken upon certification when the district and circuit courts both desire that the appeal be heard. *See D'Ippolito v. Cities Serv. Co.*, 374 F.2d 643, 649 (2d Cir. 1967). Finally, § 1292(b) does not change the fact "that only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990) (quotation omitted).

In light of the discretion that the Court possesses with respect to whether to certify an appeal, Defendant has not shown that the Court's decision not to certify an appeal in this case is either clear error or will result in manifest injustice. Accordingly, the Court denies Defendant's motion for reconsideration of the Court's February 7, 2005 MDO.

## IV. CONCLUSION

After carefully considering the file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion for reconsideration of the Court's February 7, 2005 MDO is **DENIED.**

**IT IS SO ORDERED**.

Dated: June 20, 2005
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Chief United States District Court Judge